USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1222 FRANK A. BUCO, Petitioner, v. UNITED STATES OF AMERICA, Respondent. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ___________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ___________________ Frank A. Buco on brief pro se. _____________ A. John Pappalardo, United States Attorney, Wendy Warring, __________________ ______________ Trial Attorney, U.S. Department of Justice, New England Bank Fraud Task Force, and Margaret R. Hinkle, Director, New England ___________________ Bank Fraud Task Force, on brief for appellee. __________________ June 10, 1993 __________________ Per Curiam. On this appeal from the denial of a motion __________ under 28 U.S.C. 2255 filed by petitioner Frank Buco, the government has conceded that an error, unnoticed by anyone, was made in the calculation of the sentencing guideline range when petitioner was originally sentenced. Buco was convicted of bank fraud and related offenses and, at the time of sentencing in 1991, a total offense level of 19 was computed, including a 3-point upward adjustment for an aggravating role and a 2-point upward adjustment for abuse of a position of trust. U.S.S.G. 3B.1.1(b), 3B1.3 (1990). Buco did not appeal the sentence. Although the guidelines in effect at the time of sentencing permitted both adjustments, the guidelines in effect at the time of the offenses (which apparently ended in 1989) did not. Compare U.S.S.G. 3B1.3 (1989) with U.S.S.G. _______ ____ 3B1.3 (1990) (as amended by Amendment 346). The government concedes that the 2-point upward adjustment for abuse of a position of trust was impermissible under the Ex Post Facto Clause. See Miller v. Florida, 482 U.S. 423, 429-35 (1987). ___ ______ _______ But it also contends that the issue was not properly preserved and that, in any event, Buco was not prejudiced. The guideline range computed at the time of sentencing was 30-37 months, but departing downward (somewhat reluctantly) to reflect Buco's cooperation with authorities, the district court imposed a 27-month sentence. The correct guideline range, based on the government's concession, is 24- 30 months. The government argues that the 27-month sentence was the minimum the district court deemed appropriate. In rejecting the government's suggestion of a departure down to 21 months, the district court stated that it would not drop below 27 months because of Buco's greater involvement and culpability in comparison to his codefendants who received sentences of up to 24 months. Buco contends that the district court, utilizing the correct guideline range, would have imposed a 21-month sentence (the proper guideline minimum less three months for cooperation). Under United States v. Frady, 456 U.S. 152, 164-68 ______________ _____ (1982), a procedurally defaulted habeas claim may not be reviewed on the merits unless the petitioner can show cause for the default as well as actual prejudice from the alleged violation. An exception to Frady's cause plus prejudice _____ requirement exists where failure to consider the claim on the merits would result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2564 (1991). Buco _______ ________ contends that the probation officer's error in applying the amended guidelines in Buco's presentence report and the prosecutor's failure to identify the error are sufficient cause for his procedural default. We do not agree. In order to establish "cause" for the default, the petitioner must show that some "objective factor external to the defense impeded [defense] counsel's efforts to comply with . . . the procedural rule." Murray v. Carrier, 477 U.S ______ _______ 478, 488 (1986). Here the legal error was discoverable at the time of sentencing, and the failure of the probation -3- officer and prosecutor to discover the mistake does not excuse defense counsel's own inadvertence any more than would a trial court's failure to recognize error in its rulings. There was no external impediment to defense counsel's compliance with the rule requiring that objections to guideline computations be made at or before sentencing. The lawyer either neglected to read the pertinent guideline provisions or else did so but missed the significance of the limitation in the pre-1990 version of the guidelines. It also appears unlikely that the prejudice requirement could be met. "To show `prejudice,' a defendant must demonstrate `a reasonable probability that, but for [the alleged] erro[r], the result of the proceeding would have been different.'" Sawyer v. Whitley, 112 S.Ct. 2514, 2532 ______ _______ (1992) (concurring opinion of Mr. Justice Blackmun). From the remarks made at sentencing, it seems to us at least as likely that the present sentence would have been imposed even if the correct guideline range had been used as the starting point. However, this issue need not be resolved because unless both cause and prejudice are shown, the procedural default bars the petition unless a miscarriage of justice would result. United States v. Ortiz, 966 F.2d 707, 717-18 ______________ _____ (1st Cir. 1992), relied upon by petitioner, involved direct appeal where the preconditions to habeas relief do not apply. -4- -4- The contours of the "miscarriage of justice" concept are not precisely delimited, and different standards may apply in different contexts. See United States v. Orlando, 61 ___ ______________ _______ U.S.L.W. 4421, 4424 (1993). But the Supreme Court's recent collateral review jurisprudence shows that when a sentence falls within the correct guideline range, there is no miscarriage of justice even though it is possible that absent a mistake the sentencing court might have imposed a different sentence. Sawyer, 112 S. Ct. at 2518-23. Without laying ______ down a blanket rule, we do not think that this case presents a miscarriage of justice--a standard more stringent than the prejudice requirement--and we therefore affirm the dismissal ______ of the petition. It is so ordered. ________________ -5- -5-